**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY ARDEN,

              Plaintiff - Appellant,

  v.

FRANK KASTELL; LINARD DAVIS;
AIRPORT TRAVEL AGENCY, INC.;
RON BRIGHAM; SMARTE CARTE,
INC.; ROMEO FERNANDO,

              Defendants - Appellees.

No. 12-17429

D.C. No. 3:10-cv-00436-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

    Gary Arden sued Detective Frank Kastell under 42 U.S.C. § 1983 claiming

that the detective violated his due process rights by falsifying a police report,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

thereby causing Arden to be prosecuted. We have recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." See Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001); see also Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111 (9th Cir. 2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"). The district court granted summary judgment to Kastell, finding that Arden's evidence was insufficient to show that Kastell lied in his report. Arden appeals, jurisdiction lies under 28 U.S.C. § 1291, and we reverse.[1]

Our review of summary judgment decisions is de novo, meaning that we apply the same standard as the district court. E.g., Suzuki Motor Corp. v. Consumers Union, Inc., 330 F.3d 1110, 1131 (9th Cir. 2003). Summary judgment is improper if the evidence raises a genuinely disputed issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return

---

[1] Arden also claimed that Kastell arrested him and seized his property without probable cause in violation of the Fourth Amendment. The district court granted summary judgment on this claim too, finding—correctly—probable cause. Arden does not appeal this claim and our decision does not revive it.

2

a verdict for the non-moving party." Id. Summary judgment "does not denigrate the role of the jury. . . . Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [Thus, the] evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Here, the disputed material fact is whether Kastell lied in his report.

Arden's evidence could lead a reasonable jury to conclude that Kastell embellished at least a few parts of his report. We address just one, as it alone requires reversal. It is the report's claim that Romeo Fernando made several inculpatory statements about Arden to Kastell. Kastell's summary judgment declaration claims that Fernando actually made these statements. But Fernando, at his deposition, explicitly denied making each and every one of them.

Fernando's testimony on this point is, admittedly, suspect. He was named in the civil complaint as Kastell's co-defendant, and by denying that he made the statements he was, in effect, denying his own liability. Fernando also testified that he was scared, that he didn't want to be involved in the litigation, but that he was nonetheless telling the truth. If Fernando testifies at trial as he did at his deposition, and Kastell testifies consistently with his report and preliminary hearing testimony, then a jury will have to decide whom to believe.

3

But on summary judgment judges cannot decide credibility. <u>Anderson</u>, 477 U.S. at 255. Thus, we cannot discount Fernando's testimony (as the district court did) and from there conclude that no reasonable jury could find that Kastell fabricated the statements his report attributes to Fernando. Because we reverse on that basis, we need not address Arden's other arguments.

REVERSED and REMANDED.